UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ALEX & ANI, INC.,

                Plaintiff,

                                                                                10 Civ. 4590 (KMW)

       -against-

                                                                                ORDER

MOA INTERNATIONAL CORP.,

                Defendant.
-------------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

       Defendant MOA International Corp. ("MOA") seeks a protective order to quash various subpoenas and notices of deposition issued by Plaintiff Alex & Ani, Inc. ("Alex & Ani") (Dkt. No. 52.)  Specifically, MOA seeks to quash three subpoenas, which were issued to: (1) Oori Trading, Inc. ("Oori Trading"); (2) Ku Tae Yi ("Tae Yi"), President of Oori Trading and Treasurer of MOA;[1] and (3) Laurent Cortes ("Cortes"), a salesperson for Oori Trading.  MOA also seeks to quash three notices of deposition, which were issued to: (1) James Kim ("Kim"), a former salesperson for MOA; (2) Ku Chol Yi ("Chol Yi"), the founder and President of MOA; and (3) Ku Yang Yi ("Yang Yi"), also known as Ku Yong Yi,[2] whom Alex & Ani identified as an individual with the same business address as that of MOA.  For the following reasons, the Court denies in part and grants in part MOA's motion for a protective order.

---

[1] In their briefs, the parties identified Tae Yi as the President of Oori Trading and made no reference to his status as Treasurer of MOA.  By letter dated December 6, 2011, Alex & Ani stated that MOA, in a recent interrogatory response, identified Tae Yi as "the Treasurer and a shareholder of Defendant MOA."  (Dkt. No. 55.)  MOA has neither responded to this letter nor otherwise refuted the claim contained therein.  The Court therefore credits Alex & Ani's assertion that MOA did in fact identify Tae Yi as both Oori Trading's President and MOA's Treasurer.
[2] The parties' briefs and letters refer alternately to this individual as "Ku Yong Yi" and "Ku Yang Yi."  For the sake of clarity, the Court will use the name "Ku Yang Yi" throughout this Order.

1

## I. Background

### A. Subpoenas Issued to Oori Trading, Tae Yi, and Cortes

Oori Trading, an importer and manufacturer of costume jewelry, is a non-party corporation owned and operated by Tae Yi. (Mem. of Law in Support of MOA's Mot. for Protective Order [hereinafter "Def. Mem."] at 6.) Tae Yi is the brother of Chol Yi, MOA's founder and President. (Def.'s Ltr. in Supp. of Req. for Pre-Mot. Conf. to Quash, dated Nov. 16, 2011 [hereinafter "Def. Nov. 16 Ltr."], at 2.) Oori Trading and MOA maintain showrooms at the same location in Manhattan, New York. (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for a Protective Order [hereinafter "Pl. Mem."], Ex. A., Decl. of Richard M. Garbarini [hereinafter "Garbarini Decl."] ¶ 3.) Both showrooms occupy one physical space, separated by a "partial petition allowing individuals to go back and forth at will." (Garbarini Decl. ¶ 4.) Alex & Ani states that, according to Cortes, who works in Oori Trading's showroom as a salesperson, Oori Trading and MOA sell the same goods and share sales personnel. (Pl. Mem. at 2.)

On October 28, 2011, Alex & Ani served on Oori Trading a subpoena to produce documents relating to MOA, Oori Trading, and three other entities that Alex & Ani states are "closely related to and perhaps even owned by, MOA." (Pl. Mem. at 3.) On November 16, 2011, Alex & Ani served subpoenas to testify on Tae Yi and Cortes.

### B. Notices of Deposition Issued to Kim, Chol Yi, and Yang Yi

Kim is a former salesperson for MOA. (Def. Mem. at 7.) Alex & Ani states that in MOA's first two sets of responses to Alex & Ani's First Set of Interrogatories ("the Interrogatories"), MOA also identified Kim as an owner of MOA. (Pl. Mem. at 5.) On November 16, 2011, after Alex & Ani sought to notice Kim, MOA withdrew its previous responses and served a third set of responses, in which it removed the prior references to Kim.

(Pl. Mem. at 5.)  MOA states that Kim left MOA in 2010.  (Def. Nov. 16 Ltr., at 3.)  While at MOA, Kim was responsible for handling sales of the expandable bangle bracelets at issue in this litigation to Max & Chloe, Inc., a former defendant in this case.[3]  (Def. Nov. 16 Ltr., at 3.)  Prior to his departure, Kim was copied several times on correspondence relating to the litigation, which began in June 2010.  (Def. Mem., Exs. B-E.)

Alex & Ani states that MOA has neither explained the date and circumstances of Kim's departure nor provided Alex & Ani with Kim's last known address or telephone number.  (Pl. Mem. at 5.)  MOA maintains that it cannot produce Kim as a witness because he is "not under its authority or control."  (Def. Mem. at 13.)

Ku Chol Yi ("Chol Yi") is the founder and President of MOA (Def. Mem. at 7.)  In its amended responses to the Interrogatories, MOA identified Chol Yi as MOA's sole partner and one of only two executives of the company.  (Pl. Mem. at 6.)  On October 20, 2011, Alex & Ani served a notice of deposition on Chol Yi.  (Def. Mem., Ex. B, Notices of Deposition, at 3-4.)  In response to a subsequent declaration by Chol Yi disclaiming "direct or personal knowledge of any of the facts relating to the subject matter of [the instant litigation]," (Def. Mem., Ex. C, Decl. of Ku Chol Yi [hereinafter "Chol Yi Decl."] ¶ 5), Alex & Ani stipulated that any deposition of Chol Yi would proceed only upon completion of the deposition of Samuel Kim, the corporate witness offered by MOA pursuant to Federal Rule of Procedure 30(b)(6), and then only if that deposition gave rise to subject matter of which Chol Yi has personal knowledge.  (Pl. Mem. at 6.)  MOA rejected Alex & Ani's proposed accommodation and moved to quash the notice of deposition.  (Def. Mem. at 7.)

---

[3] Max & Chloe, Inc. was voluntarily dismissed as a defendant on August 5, 2010, pursuant to Federal Rule of Civil Procedure 41(a)(2).

3

Ku Yang Yi ("Yang Yi") is an individual whose relevance to the instant litigation is less than clear.  In its first and second sets of responses to the Interrogatories, MOA identified "Kyu Yi" as a partner and executive of MOA.  (Pl. Mem. at 7.)  Alex & Ani contends that on the basis of this identification, it noticed Chol Yi and Yang Yi, both of whom have business addresses identical to that of MOA's corporate headquarters.[4]  (*Id.*)  In its amended responses to the Interrogatories, MOA contended that Ku *Chol* Yi, MOA's founder and President, was the individual to which "Kyu Yi" referred, and not Ku *Yang* Yi.  (*Id.*)  MOA argues that although Yang Yi is Chol Yi's brother, Yang Yi does not hold any position at MOA and is not affiliated with the company.  (Def. Mem. at 13; Def.'s Ltr. in Supp. of Req. for Pre-Mot. Conf. to Quash, dated Nov. 15, 2011 [hereinafter "Def. Nov. 15 Ltr."], at 1.)  Alex & Ani contends that MOA has not provided sufficient information to negate the possibility that Yang Yi nevertheless has information relevant to this litigation, and that the deposition should therefore proceed for one hour to determine the extent to which Yang Yi may possess such information.

## II.  Applicable Law

Pursuant to Federal Rule of Civil Procedure 26 ("Rule 26"), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Fed R. Civ. P. 26(b)(1).  However, Rule 26 circumscribes the extent of discovery when, *inter alia*: (1) the discovery is unreasonably cumulative or duplicative; (2) the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive; or

---

[4] Although Alex & Ani claims that it relied on MOA's interrogatory responses as the basis for noticing Yang Yi, the notice of deposition is dated October 20, 2011, five days before MOA submitted its first set of responses.  It therefore appears that Alex & Ani actually relied on the fact that Yang Yi shares a business address with MOA's corporate headquarters, and then interpreted MOA's interrogatory responses as further support for noticing Yang Yi.

(3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 45 provides similar protection for individuals subpoenaed to testify. A subpoena issued in the course of discovery must be modified or quashed when it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The party moving to modify or quash the subpoena bears the responsibility of establishing undue burden. *Id.* at 48. However, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) (Sweet, J.).

Courts have recognized an additional layer of protection for senior corporate executives subject to depositions. A party moving to quash the deposition of a senior executive must "demonstrate that the proposed deponent has no personal knowledge of the relevant facts and no unique knowledge of those facts." *Malletier v. Dooney & Burke, Inc.*, 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006) (Dolinger, J.). Where an executive has submitted an affidavit disclaiming unique personal knowledge, it is often appropriate to defer live depositions of that executive unless and until the examining party can demonstrate otherwise. The examining party may seek to establish unique personal knowledge through Rule 31 depositions upon written questions or through the deposition testimony of other witnesses. *See Consol. Rail Corp. v. Primary Indus. Corp.*, Nos. 92 Civ. 4927, 92 Civ. 6263, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (Francis, J.).

### III. Discussion

#### A. Subpoenas Issued to Oori Trading, Tae Yi, and Cortes

MOA seeks to quash the subpoenas issued to Oori Trading, Tae Yi, and Cortes on the grounds that they: (1) are unreasonably duplicative; (2) are not reasonably calculated to lead to any information relevant to the underlying claims at issue in the litigation; and (3) are unduly burdensome.  MOA also opposes the subpoena of Tae Yi on the grounds that he is a senior executive who does not possess unique personal knowledge relevant to the case.

MOA asserts that the documents that Alex & Ani seeks from Oori Trading are duplicative of discovery that has, or could have been, obtained from MOA itself, and that the document requests are not calculated to lead to relevant information.  (Def. Mem. at 10.)  Alex & Ani responds that it believes MOA and Oori Trading "sell the same goods, out of the same space, and utilize the same employees" and that therefore, "Oori will have direct information on the unauthorized sales by MOA of the patent-infringing jewelry."  (Pl. Mem. at 2.)  Alex & Ani also states that if Oori Trading has documents relevant to the issues in this litigation, the mere fact of possession would be significant because it would indicate "the extent of the infringing activities, including whether such activities extend to Oori Trading, Inc., a company that utilizes the same showroom and sales staff as . . . MOA."  (Pl. Mem. at 4.)  The Court agrees.  Any such documents detailing the extent to which Oori Trading may facilitate sales of the jewelry at issue in this litigation are relevant and non-duplicative of discovery that has been or could have been obtained from MOA.

The depositions of witnesses Cortes and Tae Yi also bear directly on that question.  Cortes works on the sales floor and has personal knowledge of the extent to which Oori Trading may sell the same products as MOA, as well as the extent to which the employees of each

company may work in the other company's portion of the showroom space and sell goods for the other company.  (Pl. Mem. at 2; Garbarini Decl. ¶¶4-7.)  Tae Yi, as Oori Trading's President and MOA's Treasurer, would have personal knowledge regarding the extent to which the two companies may operate as a single entity or otherwise collaborate together.  (Pl. Mem. at 2.)  To the extent that MOA argues that Tae Yi is a senior executive who cannot be deposed absent a showing from Alex & Ani that he possesses unique personal knowledge, MOA impermissibly shifts the burden of proof to Alex & Ani.  The party moving to quash the deposition of a senior executive bears the burden of demonstrating that the proposed deponent has no personal or unique knowledge of the relevant facts.  *See Malletier*, 2006 WL 3476735, at *12.  MOA has not offered any evidence to demonstrate Tae Yi's lack of knowledge.

Finally, MOA claims that the burden or expense on Oori Trading of the proposed discovery outweighs its likely benefit.  However, it has not submitted "affidavits or other material of evidentiary weight describing the volume of materials that would have to be reviewed for responsive materials, nor . . . any evidence concerning the amount of time required to review this material."  *Jackson v. Edwards*, No. 99 Civ. 0982, 2000 WL 782947 at *3 (S.D.N.Y. June 16, 2000) (Pitman, J.)  MOA has offered only bare, conclusory assertions of burden that are "entitled to no weight whatsoever."  *Id.*  Its statement that Tae Yi and Cortes would be subject to undue burden is similarly unsubstantiated.  Any risk of undue burden for these deponents is mitigated by the fact that Alex & Ani seeks to depose each for only one hour, within an approximately ten-block radius from his workplace.

Oori Trading is therefore directed to comply with the *subpoena duces tecum* issued to it on October 28, 2011.  Alex & Ani shall be permitted to depose Cortes and Tae Yi for one hour each, with leave to seek longer depositions where good cause is shown.

### B.  Notices of Deposition Issued to Kim, Chol Yi, and Yang Yi

MOA seeks to quash the deposition of Kim on the ground that he is a former employee not subject to MOA's control.  (Def. Mem. at 13.)  Although MOA may not be able to physically produce Kim as a witness, "[a] defendant has no right to refuse to identify former employees who may have discoverable information" and "must provide [a] plaintiff with the last known addresses of those former employees who have discoverable information." *Judd v. Take-Two Interactive Software*, No. 07 Civ. 7932, 2008 WL 906076, at *3 (S.D.N.Y. Apr. 3, 2008) (Lynch, J.).  As an initial matter, Kim has discoverable information.  MOA has admitted that Kim was responsible for handling sales of the expandable bangle bracelets to former defendant Max & Chloe, Inc.  (Def. Nov. 15 Ltr., at 1.)  Alex & Ani has also submitted examples of correspondence, on which Kim was copied, between counsel for Alex & Ani, MOA, and Max & Chloe, Inc. that discuss a variety of issues related to the substance of Alex & Ani's claims of infringement and the possibility of settlement.  MOA has thus far refused to provide Alex & Ani with Kim's last known address despite Alex & Ani's numerous attempts to obtain this information. (Pl. Mem. at 5.)  MOA's provision of a corporate witness that may be able to speak to the same issues does not relieve MOA of its obligation to provide Alex & Ani with Kim's contact information, which the Court now directs MOA to do by December 30, 2011.

MOA seeks to quash the deposition of Chol Yi on the ground that he is a senior executive with no unique personal knowledge of the facts at issue in this litigation.  (Def. Mem. at 13.)  Alex & Ani responds that, in response to Chol Yi's affidavit disclaiming direct or personal knowledge of any relevant facts, it will delay Chol Yi's deposition until after it deposes MOA's corporate witness, and then only if that deposition gives rise to subject matter of which Chol Yi has personal knowledge.  Deferring Chol Yi's deposition until Alex & Ani demonstrates his

personal knowledge is precisely the process that the case law contemplates when resolving motions to quash the depositions of senior executives, *see, e.g.*, *Consol. Rail Corp.*, 1993 WL 364471, at *1, and the Court adopts this solution.

MOA opposes the deposition of Yang Yi on the ground that he is not affiliated with MOA. MOA argues that, when it initially identified "Kyu Yi" as the company's sole partner and one of two executives, it was referring to Chol Yi, and not Yang Yi. Doubtful of that claim, Alex & Ani contends that the deposition should proceed because Yang Yi shares a business address with MOA corporate headquarters, and because MOA has not provided additional information to confirm that Yang Yi is not an MOA officer or employee. (Pl. Mem. at 7-8.) A subpoena issued to a non-party pursuant to Rule 45 is "subject to Rule 26(b)(1)'s overriding relevance requirement." *During v. City Univ. of N.Y.*, No. 05 Civ. 6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) (Casey, J.). Alex & Ani has not demonstrated that deposing Yang Yi appears reasonably calculated to lead to the discovery of admissible evidence. Once MOA clarified that Chol Yi was the individual initially identified as "Kyu Yi," Alex & Ani had no basis to depose Yang Yi other than the fact that publicly available information indicated that he shared the same business address as his brother. Yang Yi's deposition is therefore quashed unless and until Alex & Ani can demonstrate its relevance.

## IV. Conclusion

For the foregoing reasons, the Court denies in part and grants in part MOA's motion for a protective order. Oori Trading is directed to comply with the *subpoena duces tecum* issued to it on October 28, 2011. Alex & Ani shall be permitted to depose Laurent Cortes and Ku Tae Yi for one hour each, with leave to seek longer depositions where good cause is shown. MOA is directed to provide Alex & Ani with the last known address and telephone number for James

9

Kim by December 30, 2011. Alex & Ani shall be permitted to depose Ku Chol Yi, after completion of the deposition of Samuel Kim if that deposition gives rise to subject matter of which Chol Yi has personal knowledge. The deposition of Ku Yang Yi is quashed.

SO ORDERED.

Dated: New York, New York
December 20, 2011

                                   Kimba M. Wood
                                   United States District Judge